UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE HUGHES,

    Plaintiff,                                        Civil No. 2:16-cv-12929

v.                                                     Hon. Denise Page Hood

WCPO,

    Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Lonnie Hughes, a state inmate incarcerated at the Ojibway Correctional Facility, has filed a *pro se* civil complaint. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

### I. BACKGROUND

According to the Michigan Department of Corrections website, Plaintiff is incarcerated as a result of his 2012 Wayne Circuit Court convictions of armed robbery and lesser offenses, for which he serving a sentence of 7 to 20 years.[1]

The complaint names "WCPO" as defendant, which the Court understands to refer to the Wayne County Prosecutor's Office. The complaint is terse and unclear, but it

---

[1] Pursuant to FED. R. EVID. 201(c), the Court may take judicial notice of the information provided on the Michigan Department of Corrections website. See *Daly v. Burt*, 613 F. Supp. 2d 916, 920 n.2 (E.D. Mich. 2009); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n. 3 (E.D. Mich. 2004).

appears to allege that Plaintiff's convictions should be overturned because this Court has "superseding jurisdiction."

## II. STANDARD

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. DISCUSSION

This civil action seeks to invalidate Plaintiff's state conviction. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). It appears Plaintiff has never filed such an action.

Nevertheless, the Court cannot convert this matter into a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

For the foregoing reasons, the complaint is **DISMISSED** pursuant to Fed.R.Civ.P. 12(b)(1).

The Court further find that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962). Leave to file an appeal in forma pauperis is therefore also **DENIED**.

**SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  August 31, 2016

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2016, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager